IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael Derrick Edwards, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Warden G. Holloway, )<br>    Respondent. ) | 1:13cv1394 (LMB/JFA) |

MEMORANDUM OPINION

Michael Derrick Edwards, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder and other offenses in the Circuit Court for the City of Portsmouth. On March 28, 2014, respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. After receiving an extension of time, petitioner filed a reply on April 25, 2014. Accordingly, the matter is now ripe for disposition. After careful consideration, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

I. Background

Following a jury trial, petitioner was convicted of first degree murder, attempted robbery, malicious wounding, and three related firearms offenses. Pursuant to the jury's recommendation, he received a sentence of 73 years incarceration on April 26, 2010. Case. Nos. CR09R01171-01 through -06.

1

Petitioner took a direct appeal of his convictions, raising the following claims:

1. The evidence was insufficient because the testimony of the two eyewitnesses was inconsistent and not credible.

2. The trial court erred in failing to determine whether certain members of the jury engaged in misconduct.

The petition for appeal was denied on December 29, 2010. Edwards v. Commonwealth, R. No. 0886-10-1 (Va. Ct. App. Dec. 29, 2010); Resp. Ex. 2. A three-judge panel also denied the petition on April 19, 2011. On August 2, 2011, the Supreme Court of Virginia declined further review. Edwards v. Commonwealth, R. No. 110868 (Va. Aug. 2, 2011).

On February 17, 2012, Edwards filed a petition for a state writ of habeas corpus in the trial court, making the following claims:

1. His right to confront witnesses was violated when the trial court did not allow defense counsel to impeach Commonwealth's witness Sharlene Harrell regarding a pending charge.

2. He received ineffective assistance of counsel when his attorney did not question Harrell about the pending charge.

3. His right to trial before an impartial jury was violated because two jurors were heard discussing the case outside the courtroom.

4. His right to trial before an impartial jury was violated when the court failed adequately to investigate possible juror misconduct.

The trial court denied and dismissed the habeas petition on April 30, 2012. Edwards v. Warden, Sussex I, Case No. 12-473. Although petitioner noticed an appeal of that result to the Supreme Court of Virginia, he failed to file a petition for appeal. Therefore, when the time within which

to do so expired, the record of the case was returned to the trial court without adjudication on October 31, 2012. Resp. Ex. 1.

On August 29, 2012, petitioner filed a petition for a writ of habeas corpus in the Court of Appeals of Virginia, reiterating the same claims he raised in the circuit court habeas proceeding. By Order dated October 3, 2012, the Court dismissed the petition without prejudice, on the holding that "[a]bsent exceptional circumstances, this Court will not consider an original petition for writ of habeas corpus when an adequate remedy may be obtained in the circuit courts under Code § 8.01-654. ... Finding no exceptional circumstances in this case justifying exercise of our original jurisdiction, we dismiss the petition without prejudice to the right of petitioner to file a petition for relief in the appropriate circuit court." Edwards v. Warden, Sussex I, R. No. 1521-12-1 (Va. Ct. App. Oct. 3, 2012), citation omitted. Petitioner appealed that ruling to the Supreme Court of Virginia, and the appeal was refused on October 2, 2013. Edwards v. Commonwealth, R. No. 122216 (Va. Oct. 2, 2013).

Meanwhile, on February 7, 2013, petitioner filed a writ of habeas corpus in the Supreme Court of Virginia, again arguing the same claims he raised in his circuit and appellate court habeas applications. By Order dated June 25, 2013, the court dismissed the petition pursuant to Va. Code § 8.01-654(A)(2) on the ground that it was not timely filed. Edwards v. Warden, Wallens Ridge, R. No. 130251 (Va. June 25, 2013).

Petitioner filed the instant application for § 2254 relief on or about October 28, 2013,[1]

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant generally is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, Edwards executed the petition on October 28, 2013, and in the absence of evidence to the contrary it is assumed that he delivered it to prison authorities for mailing on that same sate. Pet. at 15.

making the same arguments he raised in his state habeas applications. As noted above, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief and exhibits, and petitioner has filed a reply with additional exhibits. Accordingly, the matter is now ripe for disposition.[2]

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In addition, in order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated. Id. at 365. Here, claims 1 (violation of petitioner's right to confrontation) and 2 (ineffective assistance for failure to impeach a prosecution witness

---

[2]Respondent argues that the instant petition is barred by the one-year statute of limitations set out at 28 U.S.C. § 2244(d) in part because the habeas corpus application filed in the Court of Appeals of Virginia was filed untimely and did not toll the limitations period as a result. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that only "properly filed" state court actions toll the limitations period). Resp. Brief at 4. However, as discussed above, the Court of Appeals did not dismiss the petition on that basis, and determined instead only that "no exceptional circumstances" justified its exercise of its original jurisdiction. Under these circumstances, where the alleged untimeliness of this petition is not clear in the record, the Court declines to dismiss this action on that basis.

about a pending charge) have never been properly presented to the Supreme Court of Virginia and so remain unexhausted. The trial court denied relief on both claims in Edwards' first habeas corpus action, but he subsequently failed to perfect his appeal of that decision to the Supreme Court of Virginia. Edwards reasserted the claims in his habeas corpus petition to the Court of Appeals of Virginia, but it found no circumstances which would justify its exercise of its original jurisdiction. Thus, the merits of the claims were not before the Supreme Court of Virginia when it refused his subsequent appeal. And when Edwards again made the claims in his habeas corpus petition filed directly in the Virginia Supreme Court, the petition was dismissed as untimely. As it is clear claims 1 and 2 of this petition have received no scrutiny by the Supreme Court of Virginia and are now procedurally barred under Virginia law,[3] they are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of

---

[3]Petitioner's ability now to present his unexhausted claims 1 and 2 to the Supreme Court of Virginia is foreclosed both by Va. Code § 8.01-654(B)(2), which precludes the filing of successive habeas petitions where the underlying facts were known at the time the first such application was filed, and by § 8.01-654(A)(2), which provides a statute of limitations for habeas corpus applications.

cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his response to the Motion to Dismiss, petitioner states that the procedural default of his first two habeas claims was attributable to ineffective assistance of counsel, because petitioner "repeatedly" asked counsel to include them on direct appeal but counsel "negligently" failed to do so. Pet. Resp. at 4. However, examination of the record belies this contention. In the two defaulted claims, petitioner contends that his right to confront witnesses was violated when the trial court did not allow impeachment of Commonwealth's witness Sharlene Harrell regarding a pending charge, and that he received ineffective assistance when his counsel failed to do so.[4] Among the exhibits petitioner supplied with the initial petition is a response to a discovery request by a Deputy Commonwealth's Attorney stating in relevant part that Harrell, a potential witness for the Commonwealth, had pending charges in the Portsmouth Circuit Court but was not receiving any consideration from the Commonwealth in exchange for her testimony in petitioner's case. Petitioner has also provided a copy of a letter from his counsel dated June 14, 2011, in which counsel stated: "With regard to Sharlene Harrell - that was a moot point because if I delved into her criminal past, the judge would have allowed the 911 tape to be played. I made a tactical decision to forego the inquiry to prevent the tapes being played for the jury. Therefore, no argument is possible with regard to that issue." Dkt. 1, Letter of Stephen B. Plott.

---

[4] The Court of Appeals explained: "Sharlene Harrell lived near the scene, and she heard gunshots. Harrell testified that about five minutes later, she saw appellant asking bystanders for a ride because he had just shot someone, but no one would give him a ride and appellant ran. Harrell testified she knew appellant and she saw that appellant had a firearm." Edwards v. Comm., supra, slip op. at 2.

It is well established in federal jurisprudence that a lawyer's "'strategic choices made after thorough investigation ... are virtually unchallengeable.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland v. Washington, 466 U.S. 668, 690-91 (1984). In particular, federal law recognizes that the choice of what issues to raise on appeal is a strategic decision that generally will not support a claim of ineffective assistance. Jones v. Barnes, 463 U.S. 745, 751 - 52 (1983). Here, petitioner's own exhibits make it plain that counsel made a sound strategic choice not to impeach Harrell at trial regarding her pending charges and then not to challenge her testimony on direct appeal. Petitioner's reliance on what he mischaracterizes as counsel's ineffective assistance to show cause for the procedural default of his first two claims thus is unavailing, and those claims are defaulted from federal consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should

7

be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In his third claim, petitioner argues that his right to trial by an impartial jury was violated when two jurors were heard commenting on the case outside the courtroom. In claim 4, which is closely related, petitioner contends that his right to an impartial jury was violated when the court failed adequately to investigate possible juror misconduct. When petitioner raised these same points on direct appeal, the Court of Appeals found them to have no merit, as follows:

> During the first day of trial, Mary McCurdy, a forensic technician, testified as to the chain of custody of a bullet recovered from [the victim] during an autopsy. During cross-examination, appellant asked her about a firearm, and McCurdy testified the Detective Luck gave one to her and she gave it to another individual for examination.
>
> Sterling Weaver testified while he was walking towards the entrance of the courthouse on the second day of appellant's trial, he overheard a conversation of two men. Weaver heard one of the men state, 'They have introduced a gun.' Weaver testified the other man replied, 'But they haven't connected it to anyone.' Weaver testified the first man stated, 'But they have to connect it to someone.' Weaver saw the men enter the courthouse and noticed that one of them had a book. Weaver testified jurors frequently carried books. Weaver went to the courtroom and asked the prosecutor if the two men had entered the jury room, and the prosecutor said that they had. Weaver never identified the two men he overheard. The trial judge overruled

> appellant's motion for a mistrial, but stated that he would make inquiries of the jury when he could do so unobtrusively.
>
> At the conclusion of the evidence, the judge asked the prosecutor and defense counsel if they knew which jurors had the supposed conversation. The prosecutor stated that he only knew that they were two white males. The trial judge stated that there were several white males on the jury and he could ask them. The trial judge then reviewed the jury instructions with the parties. Later, appellant asked the trial judge to *voir dire* the panel to determine if the two men had formed an opinion and shared their opinions during the conversation. The trial judge stated he was not concerned with the substance of the conversation because they did not talk about appellant's guilt, that no one could identify the two men, that he thought it would do more harm to question the entire panel, and that there was a jury instruction stating appellant was not required to produce evidence. The trial judge stated that if someone could identify the two men, he would question them.
>
> \* \* \*
>
> No one could identify the men, and the trial judge believed that to question the entire jury panel would be more damaging to appellant. Assuming without deciding that the conversation Weaver overheard was between two men on appellant's jury, the men never expressed any animus toward appellant or toward criminal defendants in general. Furthermore, neither man stated that he believed appellant was guilty or innocent, and the conversation did not improperly place on appellant a burden of producing evidence. Based upon a review of the record, the trial judge did no abuse his discretion in failing to conduct a *voir dire* of the panel and in denying appellant's motion for a mistrial due to juror misconduct.

Edwards v. Warden, Sussex I, supra, slip op. at 3-5. Because the foregoing order was the last reasoned state court decision on the claims at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The right to a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, requires

that a defendant's guilt or innocence must be determined solely on the basis of the evidence adduced at trial, rather than "on grounds of official suspicion, indictment, [or] continued custody." Taylor v. Kentucky, 436 U.S. 478, 485 (1978). Rather, "[t]o guarantee a defendant's due process rights under ordinary circumstances, our legal system has instead placed primary reliance on the adversary system and the presumption of innocence." Holbrook v. Flynn, 475 U.S. 560, 567 (1986). Thus, "[w]hen defense counsel vigorously represents his client's interests and the trial judge assiduously works to impress jurors with the need to presume the defendant's innocence," the Supreme Court has "trusted that a fair result can be obtained." Id. at 567-68.

Here, as the Virginia Court of Appeals held, there was no definitive record indication that any jury misconduct occurred. No one could identify the two men whose conversation was overheard by the witness, and there was no certainty that they actually were members of petitioner's jury. But, as the appellate court reasoned, even assuming without deciding that they were jurors, the conversation the witness described included no expression by either man of any animus toward petitioner, neither stated a belief that petitioner was guilty or innocent, and their conversation did not improperly place on the defense a burden of producing evidence. Under those circumstances, the trial court in its discretion opted not to question the entire jury panel regarding the incident, believing that to do so could be more damaging to petitioner.[5] In addition,

---

[5]Specifically, the court stated to defense counsel: "I am not concerned about the substance of the conversation. It is a little snippet that really is nothing more than a comment about they're going to have to do certain things. I can't come to the conclusion in any way that they were suggesting that the defense had to do anything. You could just as easily come to the conclusion from the comment ... that the Commonwealth had to do it. So, without knowing who the individuals are, I have done as much as I am going to do with this. Because I am afraid I might very well create an untenable situation by bringing the other jurors out. If you can tell me who they are, then I'll be happy to talk to them, but otherwise I am not going to assume anything." T. 1/27/10 at 289.

the court noted that the jury was instructed that the defense had no burden to produce evidence, and it is apodictic that jurors are presumed to follow the jury instructions that they are given. Richardson v. Marsh, 481 U.S. 200, 206 (1987). Under these circumstances, the Court of Appeals' rejection of petitioner's claims that his right to a fair trial was compromised when the court declined to *voir dire* the jury and denied a defense motion for a mistrial based on juror misconduct was neither an unreasonable determination of the facts nor an unreasonable application of federal law, so the same result must pertain here. Williams, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 14th day of May 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge